IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHARLES ALONZO TUNSTALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:15CV226 |
| FRANK L. PERRY, et al., | ) ) ) |
| Defendants. | ) ) ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This prisoner civil rights action under 42 U.S.C. § 1983 is before the Court on a Complaint filed by Plaintiff Charles Alonzo Tunstall proceeding *pro se* and *in forma pauperis*, and on a Motion to Dismiss [Doc. #93] filed by Defendant Sami Hassan. For the reasons set out below, this Court recommends that Defendant Hassan's motion to dismiss be granted. In addition, the Court further recommends that the claims against the remaining Defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. To the extent that Plaintiff has filed a Motion seeking assistance with service of papers [Doc. #100] and Motions seeking entry of default against Defendant Padgett for a failure to answer the Complaint [Doc. #103, #106], those Motions will be denied as set out below. Finally, to the extent that an entry of default was made against Defendant Welch, the Court will recommend that the entry of default against Defendant Welch be set aside and that Plaintiff's Motion for Default Judgment [Doc. #105] be denied.

I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a prisoner of the State of North Carolina who was incarcerated at various state correctional facilities during the time period relevant to this case. Plaintiff filed this action on March 13, 2015, alleging an unconstitutional denial of adequate medical treatment. (Compl. [Doc. #2].) Plaintiff asserted claims against Frank L. Perry as Secretary of the North Carolina Department of Public Safety ("DPS"), as well as DPS employees and various individuals who provided medical services while he was incarcerated: Dr. Arthur Davis, Dr. Charles Stewart, Beverly Stubbs, Peter Woglom, Dr. Sami Hassan, "Nurse Welch," Dr. Samuel Micklos, Ms. Padgett, Letitia Owens, "Captain Brockington," "Ms. Falcon," Paula Y. Smith, "Dr. Keyser," and Carmen S. Hendricks. (Id. at 2-3.[1]) The claims against Peter Woglom, Carmen Hendricks, and Arthur Davis were previously dismissed on their earlier Motions to Dismiss. Additionally, Defendant's claims against Dr. Charles Stewart, Dr. Samuel Micklos, and Dr. Keyser were previously dismissed for failure to obtain service. Therefore, this case is presently pending as to Defendants Perry, Stubbs, Owens, Smith, Falcon, Hassan, Brockington, Padgett, and Welch.

In his Complaint, Plaintiff contends that he has suffered and continues to suffer "needless and inhumane pain" due to Defendants' participation "in the ongoing deprivation of [Plaintiff's] constitutional right to adequate medical attention and treatment." Plaintiff asserts that he suffers from chronic gastrointestinal problems, including an "inability to functionally empty [his] bowels, with profuse colon-rectal bleeding" and severe hemorrhoids.

---

[1] Citations to Plaintiff's filings are to the page numbers assigned by the CM/ECF system.

(Compl. at 4.) Plaintiff generally contends that Defendants have failed to provide him with adequate treatment for his gastrointestinal condition.

II. LEGAL STANDARD

To state a claim under the Eighth Amendment based on inadequate medical care, a prisoner must allege that the defendants acted with "deliberate indifference" to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference entails something more than mere negligence," and instead requires that a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 835-37 (1994); see also Whitley v. Albers, 475 U.S. 312, 319 (1986) (noting that deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety"). Additionally, the Eighth Amendment does not guarantee to a prisoner the medical treatment of their choice, and "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

III. DISCUSSION

    A. Defendant Sami Hassan's Motion to Dismiss

In considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (internal citations omitted). Thus, dismissal of a complaint is proper where a plaintiff's factual allegations fail to produce an inference of liability strong enough to "nudge[] [the plaintiff's] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 547. Further, while the Court must construe the allegations of a *pro se* complaint liberally, the plaintiff is nevertheless required to plead sufficient facts "'to raise a right to relief above the speculative level.'" See Chambers v. Amazon.com Inc., et al., 632 F. App'x 742, 743 (4th Cir. 2015) (quoting Twombly, 550 U.S. at 555).[2]

In his Motion to Dismiss, Defendant Hassan argues that Plaintiff fails to state a plausible Eighth Amendment claim against him. Defendant Hassan contends that Plaintiff's allegations are fatally deficient because Plaintiff's Complaint consists of "wholly conclusory statements devoid of factual substance." (Def.'s Br. [Doc. #94] at 6.) In considering this contention, the Court notes that Plaintiff alleges that Defendant Hassan denied him "meaningful access to appropriate medical attention and treatment at the Lanesboro CI," evincing "deliberate indifference which was and continues to be so reprehensible and barbaric

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly"s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

4

as to constitute no treatment at all." However, Plaintiff does not provide any specific factual information regarding Defendants' conduct, nor does he allege that Defendant Hassan "entirely fail[ed] to consider [his] medical complaints or intentionally delay[ed] or den[ied] access to adequate medical care." Coleman v. Poff, 497 F. App'x. 337, 339 (4th Cir. 2012). Rather, as Defendant Hassan notes, Plaintiff implicitly recognizes that he received some form of medical care. (Def.'s Br. [Doc. # 93] at 5-6.) While not entirely clear based on Plaintiff's sparse allegations, it appears that Plaintiff is contending that the treatment provided by Dr. Hassan was not successful and/or that Dr. Hassan's treatment fell below a reasonable standard of care and was thus negligent. However, these contentions are not sufficient to state a claim for relief under § 1983. Thus, the Court agrees that Plaintiff's claims against Defendant Hassan are conclusory, and that to the extent any facts are alleged, those allegations fail to state a plausible claim for relief under § 1983.

Moreover, Defendant Hassan also argues that Plaintiff's claims against him are barred by the statute of limitations. (Def.'s Br. [Doc. #94] at 4.) While affirmative defenses ordinarily cannot be raised on a motion to dismiss, a defendant may properly raise an affirmative defense of statute of limitations through Rule 12(b)(6) when the facts supporting the defense plainly appear on the face of the Complaint. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007); Turner v. Afro-American Newspaper Co., 572 F. Supp. 2d 71, 72 (D.D.C. 2008). As Defendant Hassan points out, a § 1983 claim in North Carolina is time-barred if not filed within three years of the cause of action's accrual. Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991). Under federal law, a § 1983 action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will

5

reveal his cause of action." Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 955 (4th Cir. 1995). In this case, Plaintiff filed his Complaint on March 13, 2015 and, as Defendant Hassan notes, any claims that accrued before March 12, 2012 are barred by the statute of limitations. (Def.'s Br. [Doc. #94] at 4.) Plaintiff alleges that Defendant Hassan was deliberately indifferent to his medical needs between May 26, 2010 and January 12, 2012, while Plaintiff was incarcerated at Lanesboro CI. Plaintiff transferred to a different facility in January 2012. Thus, Plaintiff's treatment by Dr. Hassan at Lanesboro CI would be outside the 3-year statute of limitations. Accordingly, this claim should also be dismissed based on the applicable statute of limitations.

B. Plaintiff's Claims Against Remaining Defendants

As to the claims against the remaining defendants, the Court notes that Plaintiff is proceeding *in forma pauperis*, and the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In this case, as to the remaining Defendants, Plaintiff has failed to set out factual allegations sufficient to state a plausible claim for deprivation of his rights under the Eighth Amendment. As an initial matter, the Court notes that Plaintiff asserts claims against Defendant Welch in conjunction with and on the same basis as his claims against Defendant Hassan. Plaintiff's minimal allegations against Defendant Welch state that she "similarly denied meaningful access to appropriate medical attention and treatment at Lanesboro."

Accordingly, Plaintiff's claims against Defendant Welch are fatally deficient for the same reasons discussed above as to Defendant Hassan and should be dismissed.

Plaintiff's claims also fail as against Defendants Perry and Stubbs because Plaintiff does not attribute any misconduct to them. "In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Wright, 766 F.2d at 850. While Plaintiff names Frank Perry and Beverly Stubbs as Defendants in his Complaint, Plaintiff does not provide any basis for their liability outside of a general allegation that "[a]ll named defendants . . . participated . . . in the deprivation of [his] constitutional right to adequate medical attention and treatment…." (Compl. [Doc. #2] at 4.) Thus, Plaintiff makes conclusory allegations of inadequate medical treatment but fails to allege that Defendants Perry and Stubbs personally ignored Plaintiff's complaints or otherwise denied or delayed his medical treatment. Therefore, the Court recommends that Plaintiff's claims against Defendants Perry and Stubbs be dismissed. See Hubbard v. Carlton, No. 7:07CV00021, 2007 WL 4190935, at *2 n.4 (W.D. Va. Nov. 21, 2007) ("A complaint that lacks specific factual allegations concerning a defendant's personal involvement should be dismissed.").

Likewise, Plaintiff's vague and conclusory allegations against Defendant Padgett do not establish an Eighth Amendment violation. Plaintiff alleges that he persistently sought to be seen by an institutional physician between January 20, 2012 and January 27, 2013, in order to obtain surgery that he thought necessary to treat his colorectal condition, but that Defendant Padgett, allegedly the head nurse of the facility, "failed to initiate corrective measures" and, in conjunction with a Dr. Micklos, "den[ied] [Plaintiff] corrective surgery," evincing "calculated

7

indifference" to his medical needs. (Compl. [Doc.#2] at 5, ¶ 9.) Plaintiff's allegations, however, do not give rise to any plausible claim of deliberate indifference. At most, Plaintiff's assertions indicate a disagreement with medical personnel regarding the appropriate course of Plaintiff's medical treatment, specifically whether it was medically necessary to surgically remove Plaintiff's hemorrhoids. As set out above, such a disagreement with medical personnel is not actionable under federal civil rights law.

Additionally, Plaintiff asserts claims against Defendants Falcon and Owens, but alleges mere negligence, not conduct actionable under § 1983. In his Complaint, Plaintiff indicates that prison officials transferred him to Central Prison Hospital on an unspecified date for medical treatment. Plaintiff contends that Defendant Falcon, who was allegedly the transferring officer, and Defendant Nurse Owens "failed to assure that [Plaintiff's] necessary medical records accompanied [him] to the scheduled appointment," thus precluding the hospital doctors from "effectively treat[ing] [Plaintiff's] medical ailments." (Compl. [Doc. #2] at 4.) Plaintiff does not provide any additional facts to support his contentions or to provide insight as to the circumstances surrounding his treatment or the Defendants' alleged responsibility for transferring his medical records. Plaintiff does not allege that Defendants Falcon and Owens intentionally or recklessly withheld his medical records or that there was an effort to delay Plaintiff's access to treatment. Plaintiff essentially asserts, at most, that Defendants Falcon and Owens negligently failed to transfer Plaintiff's medical records when he was taken to a scheduled appointment, conduct which would not state a constitutional claim.

Plaintiff's claims against Defendants Brockington and Smith also must fail. Plaintiff alleges that Defendant Captain Brockington would not permit Plaintiff to "declare a medical emergency" when Plaintiff arrived at the Lumberton Correctional Institution still suffering from the same symptoms. (Compl. [Doc. #2] at 4, ¶ 5.) Plaintiff's allegations are insufficient to state a claim of deliberate indifference. Plaintiff has not alleged that Defendant Brockington completely disregarded Plaintiff's medical complaints or denied Plaintiff medical treatment. Without specific factual allegations, the alleged conduct simply does not rise to the level of deliberate indifference. Finally, Plaintiff's claims of supervisor liability against Defendant Paula Smith should also be dismissed. Plaintiff has not alleged that Smith acted personally in the deprivation of the Plaintiff's rights. See Wright, 766 F.2d at 850. Moreover, Plaintiff has not stated a claim against any of the Defendants for violation of his constitutional rights, and his claim that Smith "passively acquiesced [in] their misconduct" necessarily fails.

    C.    Entry of Default against Defendant Welch

The Court also notes that on Plaintiff's earlier motion, the Clerk of Court entered default against Defendant Welch pursuant to Rule 55(a) of the Federal Rules of Civil Procedure because Defendant Welch failed to timely file an Answer or otherwise respond to the Complaint. However, in light of the determinations above, this Court recommends default be set aside as against Defendant Welch.

Under Federal Rule of Civil Procedure 55(c), "[t]he Court may set aside an entry of default for good cause." The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Prep. Acad. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir.

2010). In determining whether good cause exists to set aside default, the Court considers "whether the [defaulting] party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).

In this case, default should be set aside as against Defendant Welch because Plaintiff has failed to state a valid claim against Defendant Welch, as set out above. "To issue a default judgment against [a defendant] in a case without merit does not serve the interests of justice." See Streambend Prop. III, LLC v. Sexton Lofts, LLC, 297 F.R.D. 349, 370 (D. Minn. Jan. 28, 2014) (sua sponte setting aside default as to defendants who were entitled to dismissal on the same grounds as defendants the court had previously dismissed under Rule 12(b)(6)). The Court also notes that Defendant Welch is proceeding *pro se* and, as a former employee of the Department of Public Safety, the Court could alternatively stay the case to permit Defendant Welch time to retain counsel or request counsel through the State of North Carolina. However, in light of the determination that Plaintiff's claim against Defendant Welch should be dismissed for failure to state a claim, the Court instead recommends that default be set aside as against Defendant Welch, and that Plaintiff's Motion for Default Judgment against Defendant Welch [Doc. #105] be denied.

D. Plaintiff's Remaining Motions

Plaintiff has filed what this Court construed as a Motion [Doc. #100] asking for guidance from the Court regarding how he should serve future filings on Defendants Brockington and Padgett. In that Motion, Plaintiff asserts that he attempted to personally

10

Case 1:15-cv-00226-LCB-JEP Document 107 Filed 01/05/18 Page 10 of 11

serve the Defendants and was subsequently told by the "Assistant Superintendent for Operations and Security" that he would "be punished and fined by the Department of Public Safety" if he made any further attempts at service. In light of the determination set out above that Plaintiff has failed to state a claim against Defendants Brockington and Padgett, the Court will deny Plaintiff's Motion as moot.

Plaintiff also filed Motions for Entry of Default and for Default Judgment against Defendant Padgett. However, Defendant Padgett filed an Answer [Doc. #67], so there is no basis for entry of default. Therefore, Plaintiff's Motions will be denied. Moreover, as set out above, Plaintiff has failed to state a claim against Defendant Padgett, and those claims should be dismissed.

IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendant Sami Hassan's Motion to Dismiss [Doc. #93] be granted; that default be set aside as against Defendant Jane Welch; that Defendant's Motion for Default Judgment against Defendant Welch [Doc. #105] be denied; and that Plaintiff's claims against Defendant Welch and all remaining Defendants be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

IT IS ORDERED THAT Plaintiff's Motion [Doc. #100] requesting guidance as to service of filings is DENIED, and Plaintiff's Motions for Entry of Default and Default Judgment against Defendant Padgett [Doc. #103, #106] are DENIED.

This, the 5th day of January, 2018.

                                              /s/ Joi Elizabeth Peake
                                        United States Magistrate Judge